CULPEPPER, Judge.
The plaintiff bank filed this suit to recover the balance of $48,994.72 due on ten certain promissory notes executed by defendant on various dates and for various amounts. As indicated on the reverse sides of said notes, all of them were secured by an assignment from defendant to plaintiff of sums due defendant under a certain land clearing contract between defendant and Atlas Construction Company. In addition, five of the ten notes contained a further notation that they were secured by three chattel mortgage notes which defendant had previously executed in favor of Southern Equipment and Tractor Company, Inc., in connection with the purchase of three bulldozers. These three chattel mortgage notes were acquired by plaintiff bank from Southern Equipment and Tractor Company, Inc. The lower court rendered judgment in plaintiff’s favor in the full amount sued for and likewise recognized the assignment of funds due under the Atlas Construction Company contract. The court also found that two of the three chattel mortgage notes on the tractors had been extinguished by novation when the third chattel mortgage note was executed, but it recognized plaintiff’s lien and privilege under said third note and chattel mortgage and accordingly ordered the seizure and sale of the three bulldozers to satisfy the balance of $14,941.65 due thereon. From this judgment defendant has taken a devolutive appeal.
The sole issue urged on appeal by defendant concerns the acquisition by plaintiff bank from Southern Equipment and Tractor Company, Inc., of the three chattel mortgage notes covering the three tractors. It is defendant’s contention that after he obtained the contract with Atlas Construction Company, Inc., to do certain land clearing work, be entered into an agreement with plaintiff bank whereby he assigned to it any sums becoming due under said contract and the bank agreed to be his general agent and handle all of his business transactions such as paying bills for labor, repairs, supplies, etc., any sums so expended by the bank to be charged to defendant’s account. Defendant argues that under this arrangement the bank was acting as his agent when it purchased the three chattel mortgage notes from Southern Equipment and Tractor Company, Inc. and therefore defendant became the owner of the notes, as well as the maker thereof, and the notes and chattel mortgages were extinguished by confusion. LSA-C.C. Article 2217.
We have carefully reviewed the record and find that it fully supports the trial judge’s conclusion that the bank was not acting as Mr. Gremillion’s agent when it purchased the chattel mortgage notes from Southern Equipment and Tractor Company, Inc. The record shows that the bank had loaned large sums of money to Mr. Gremil-lion for the payment of his expenses in connection with the Atlas Construction Company contract. It was vital to the bank that Mr. Gremillion be able to use his three bulldozers to complete the contract and earn the proceeds which had been assigned to the bank. Southern Equipment and Tractor Company, Inc., was threatening proceedings to seize and sell the tractors. To protect its own interest, the bank discussed the matter with Mr. Gremillion and it was agreed between the two that the bank would purchase the chattel mortgage notes from Southern for $12,000 to stop the foreclosure proceedings and that Mr. Gremillion, in turn, would execute a $12,000 promissory *604 note in favor of the bank, which note would be secured by the three chattel mortgage notes. Pursuant to this agreement between the bank and Mr. Gremillion, the bank purchased the three chattel mortgage notes from Southern for $12,000. The next day Mr. Gremillion signed the promissory note to the bank for $12,000, on the reverse side of which was a typed statement that the note was secured by the assignment under the Atlas Construction contract as well as by the three said chattel mortgage notes.
As stated by the trial judge, the testimony of the bank officials, and of Mr. Gremillion himself, shows clearly that the bank was simply trying to improve its position as a creditor. There was no intention on its part, or on Mr. Gremillion’s part, that the bank was purchasing these three chattel mortgage notes for Gremillion. If this were true, then of course the chattel mortgage notes, when purchased by the bank, became the property of Gremillion. This was clearly not the intention of the parties. The bank kept the chattel mortgage notes and there was not even a request by Mr. Gremillion that the notes be delivered to him or that they be cancelled. Furthermore, Mr. Gremillion signed the $12,000 promissory note on the reverse side of which was typed the statement that it was secured by the three chattel mortgage notes then held by the bank. This clearly shows an intention and agreement by Gremillion that the bank owned the chattel mortgage notes and was holding them as additional security for the $12,000 note. To hold otherwise would be to reach a result contrary to the obvious intention of both the bank and Mr. Gremil-lion.
The record does not show whether, following defendant’s talcing only a devolu-tive appeal, the three tractors in question have already been seized and sold by the sheriff, in which event perhaps our decision in this matter has now become moot. We make this statement simply to explain that the record, in its present form, does not show that this appeal is subject to dismissal for mootness.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.